**In re GATEWAY PACIFIC CORP. d/b/a Buffalo Tool, Debtor.**

**OFFICIAL UNSECURED CREDITORS COMMITTEE, Plaintiff,**

**v.**

**EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., Defendant.**

**Bankruptcy No. 95–45160–399.
Adv. No. 96–4201.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Jan. 30, 1997.

David A. Warfield, St. Louis, MO, for the Committee.

Mark Bertsch, St. Louis, MO.

Thomas S. Hemmendinger, Providence, RI, for Defendant.

Ira Potter, St. Louis, MO.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

This preference action presents the application of the contemporaneous exchange and ordinary course of business defenses. For the following reasons, the Court finds recov-

erable preferential transfers in the amount of $40,557.31.

## JURISDICTION

The parties agree that this Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. The parties further agree this matter is a core proceeding which the Court may hear and enter appropriate judgements pursuant to 28 U.S.C. § 157(b)(2)(F).

## STATEMENT OF FACTS

Gateway Pacific Corp., doing business as Buffalo Tool, (the "Debtor") filed a Chapter 11 petition in this Court on August 30, 1995. The United States Trustee appointed an unsecured creditors' committee (the "Committee") which brought this action pursuant to this Court's order confirming Debtor's Liquidating Plan of Reorganization on December 5, 1996.[1] In the ninety days prior to the bankruptcy filing (the "preference period"), Debtor paid Expeditors International of Washington, Inc. ("Expeditors") $96,797.30 in a series of transfers. The Committee seeks to avoid these transfers and recover them for the benefit of the estate.

The parties stipulate that the payments at issue are preferential under 11 U.S.C. § 547(b)[2] and that Expeditors was the "initial transferee" under § 550(a). Additionally, the parties stipulate that Expeditors advanced new value of $42,661.71 leaving a maximum recovery available to the Committee of $54,135.59. *See* § 547(c)(4). At trial, Expeditors presented evidence on the contemporaneous exchange and the ordinary course defense.

Expeditors is a freight forwarder and customs broker which purchases space on air and ship lines to transport goods for their customers. In the summer of 1993, Debtor and Expeditors began doing business. Expeditors contracted with the Debtor to transport goods from point of origin (Asia) to Debtor's St. Louis, Missouri headquarters.

At trial Mr. Todd Hinkle, the district manager for Expeditors' St. Louis branch, explained the parties' relationship. Debtor executed a document entitled Notification and Terms and Conditions and Credit Application (the "Application") with Expeditors on October 5, 1993 whereby Expeditors extended the Debtor a $25,000 credit limit[3] which the Debtor occasionally exceeded.

Expeditors sent a separate invoice for each shipment and each additional billing (e.g. storage) for a particular shipment was denoted alphabetically. Although the invoice terms provided for payment within fifteen (15) days, the Debtor never paid within those terms. Nonetheless, Expeditors provided two to three shipments to the Debtor weekly, and Debtor accounted for approximately $600,000 annual revenue for Expeditors. Expeditors customarily advanced custom expenses for the Debtor at no service charge. Debtor paid each invoice in full by company check. Expeditors never returned a check to Debtor for insufficient funds, and it never charged Debtor late charges or threatened to withhold goods.

Mr. Hinkle testified that Expeditors, in accordance with its philosophy of working with its delinquent customers, employed a weekly collection call policy to customers which were not paying within invoice terms and that this policy was in practice with the Debtor. Expeditors made such calls to the Debtor and received payments after such calls "in most cases."

As Debtor exceeded the terms of the credit Application, a practice developed between

---

1. Paragraph 25 of the Findings of Facts, Conclusions of Law and Order Confirming the Liquidating Plan of Reorganization Dated September 27, 1996 Filed by the Unsecured Creditors' Committee (the "Confirmation Order") vested causes of action under Chapter 5 of the Code in the Committee. That same paragraph provides that the Confirmation Order acts as an assignment of all causes of action to the Committee.

2. The Bankruptcy Code is 11 U.S.C. §§ 101–1330. All future references are to title 11 unless otherwise indicated.

3. In April 1994, the credit limit was extended to $60,000.

the parties whereby Expeditors would release goods to the Debtor after payment of a prior invoice. The amount of goods released generally exceeded the amount of the payment.

Mr. Hinkle also testified as to industry standard regarding delinquent payments. First, he testified that approximately fifty percent (50%) of Expeditors' customers do not pay within the fifteen day invoice terms. He then testified that competitors use "open accounts" and that they work with delinquent customers. On cross examination, Mr. Hinkle admitted that he had not seen a competitors' policy manual and that problem accounts are widely known throughout the industry. He further testified that competitors do not have credit limits and that he was generally unfamiliar with the competitors' collection calls.

Mr. Robert Lawson, an officer[4] of the Debtor, testified that he was never informed by Expeditors of any purported security interest Expeditors claimed in the assets of the debtor. He also testified that he was personally involved in the negotiations between the parties concerning the delinquent accounts.

## DISCUSSION

### I. Ordinary Course of Business Defense

Otherwise voidable transfers may not be avoided if the creditor satisfies the three element ordinary course of business defense codified at § 547(c)(2). This defense is designed "to protect recurring, customary credit transactions that are incurred and paid in the ordinary course of business of the debtor and the debtor's transferee." 5 *Collier on Bankruptcy*, para. 547.04(2) (15th ed. rev. 1996). The Committee conceded that Expeditors had satisfied subpart (a) of § 547(c)(2)

(requiring the transfer be in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee). Further, the Court determined at trial that Expeditors satisfied its burden of proving ordinary business terms through the testimony of Mr. Hinkle. *See In re U.S.A. Inns of Eureka Springs Arkansas, Inc.*, 9 F.3d 680, 684–5 (8th Cir.1993) (requiring evidence of a prevailing practice among similarly situated members of the industry facing the same or similar problems). The only issue remaining is whether Expeditors has satisfied the remaining element of the ordinary course defense.

### § 547(c)(2)—The "subjective prong"[5]

A necessary element to a successful ordinary course of business defense under § 547(c)(2) is that the creditor show that the transfer was made "in the ordinary course of business or financial affairs of the debtor and the transferee." § 547(c)(2)(B). No precise legal test exists for this inquiry; instead, the Court must engage a "peculiarly factual analysis." *Lovett v. St. Johnsbury Trucking*, 931 F.2d 494, 497 (8th Cir.1991) *quoting In re Fulghum Construction Corp., Inc.*, 872 F.2d 739, 743 (6th Cir.1989). Expeditors must demonstrate some consistency with other business transactions between it and the Debtor. *Id. quoting In re Magic Circle Energy Corp.*, 64 B.R. 269, 272 (Bankr. W.D.Okla.1986).

In this case, the Buffalo Tool Transaction History[6] (incorporated in this Memorandum as addendum A) documents, among other things, each invoice Expeditors sent, the date of the Debtor's check for each invoice and the date the check was deposited by Expeditors. At trial, the parties agreed to use the nine months preceding the prefer-

---

**4.** Mr. Lawson testified that he had served as president, chief operating officer and chief financial officer of the Debtor. It is not entirely clear in which role, if any, Mr. Lawson served the day of the trial. However, Mr. Lawson testified that he was familiar with Expeditors and the account in general.

**5.** Courts have characterized subsections (B) and (C) as the subjective and objective components respectively. Subsection (B) requires proof of ordinariness between the debtor and creditor in

question, while subpart (C) requires proof of ordinariness in relations to industry standards. *See e.g. Jones v. United Savings and Loan Assc. (In re U.S.A. Inns of Eureka Springs Arkansas, Inc.)*, 9 F.3d 680, 684–85 (8th Cir.1993) *reh'g denied Logan v. Basic Distribution Corp. (In re Fred Hawes Org., Inc.)*, 957 F.2d 239 (6th Cir. 1992).

**6.** This exhibit was received into evidence as Plaintiff's exhibit 1 and Defendant's exhibit A.

ence period to establish the ordinary course of business between the parties. The Court finds that this time period is an adequate standard of the parties' ordinary course of business given the high volume of transactions between the parties. The relevant focus is on twenty-eight payments in the preference period—payments not subject to the parties' new value stipulation.

Expeditors maintains the payments during the preference period followed a consistent pattern of late but steady payment. The evidence established that the median time from date of Expeditor's invoice to deposit date of Debtor's check increased 54% from the nine month pre-preference period to the preference period.[7] Expeditors asks the Court to consider the entire year prior to filing, which it characterizes as a pattern of slow but steady pay.

Plaintiff's exhibit No. 2 establishes the median time between invoice date and deposit in the nine months preceding the preference period as 35 days. During the preference period however, the median payment time increased to 54 days—an increase of 54% percent. This Court believes such an increase removes many of the payments in the preference period from the ordinary course of the parties business.

■ The Court recognizes that the payments between the parties rarely, if ever, satisfied the stated terms of fifteen days net. Since late payments were the standard course of dealing between the parties, late payments shall be considered the ordinary course of payments between the parties. *See Lovett*, 931 F.2d 494, 498 *citing Yurika Foods Corp.*, 888 F.2d 42, 44 (6th Cir.1989) (citations omitted). However in this case, payments within the preference period are significantly later than those in the preceding months. Only four of the twenty-eight payments at issue were made under 50 days; whereas in the preceding nine months, only nine of approximately 155 payments exceed 50 days. From this data, the Court concludes that to satisfy the ordinary course of business between these parties, a payment may not exceed 50 days from invoice date to deposit date.

Applying this analysis to the payments, the Court finds that only four of the disputed payments were made in the ordinary course of business (within fifty days of the invoice dates): the three checks deposited on June 13, 1995 and one check deposited on June 29, 1995. These payments total $13,578.28 and are not subject to avoidance and recovery by the Committee under the ordinary course of business defense. Next, the Court must determine whether the payments falling outside the ordinary course of the parties' business qualify for non-avoidance under the contemporaneous exchange defense.

## II. Contemporaneous Exchange Defense

Section 547(c) provides:

The trustee may not avoid under this section a transfer—(1) to the extent that such transfer was

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange.

To establish its (c)(1) defense, Expeditors must show that the parties intended the payments to be a contemporaneous exchange for new value, that the exchange was in fact contemporaneous, and that the release of a lien for payments constituted new value. The existence of intent, contemporaneousness, and new value are questions of fact. *In re Lewellyn & Co., Inc.*, 929 F.2d 424, 426 (8th Cir.1991) *citing Creditors' Committee v. Spada (In re Spada)*, 903 F.2d 971, 975 (3d Cir.1990); *see also* 5 *Collier on Bankruptcy*, para. 547.04(1) (15th ed. rev. 1996).

Expeditors claims a security interest[8] in goods transported for the Debtor and claims

---

7. *See* Plaintiff's exhibit No. 2.

8. Expeditors claims a security interest under two, complementary theories. First, it argues it had a security interest by possession when it received a negotiable bill of lading from the shipper. Additionally, Expeditors argues the Notification and Terms and Conditions and Credit Application (previously defined as the "Application") is a binding security agreement and that

that release of that security interest after payment of an outstanding invoice constitutes "new value." The contemporaneous exchange, it argues, is payment of an outstanding invoice.

The Committee maintains Expeditors never had a security interest in the goods it transported.[9] The Committee stresses Mr. Lawson's testimony that he was never informed of the purported security interest which Expeditors claimed in the goods as proving that the Debtor did not "intend" a contemporaneous exchange.

### Contemporaneous Intent

██ "The critical inquiry in determining whether there has been a contemporaneous exchange for new value is whether the parties intended such an exchange." *McClendon v. Cal-Wood Door (In re Wadsworth Building )*, 711 F.2d 122, 124 (9th Cir.1983). The Court concludes that Expeditors failed to carry the burden of proof on this element. *See* § 547(g) (placing burden of proving nonavoidability of a transfer under § 547(c) on the creditor against whom recovery is sought).

the Application grants it a lien in the goods it transported for the Debtor.

9. The Committee disputes that the Application formed a security agreement. Further, the Committee points to an absence of evidence on the possession by bill of lading theory. Finally, the

Mr. Lawson testified that he was not aware of the purported security interest which Expeditors claimed in the goods. Cross examination failed to prove that either the Debtor knew of the existence of a security interest or that the Debtor intended to exchange the release of that interest. Accordingly, the Court concludes the transfers in question were not "intended by the debtor and the creditor ... to be a contemporaneous exchange."

██ Expeditors might well have intended such an exchange, but § 547(c)(1) requires the intent of *both* the debtor and the creditor. A party cannot intend an exchange when one does not know of the existence of the matter to be exchanged. In light of this unrebutted testimony, Expeditors cannot prevail on this element of the contemporaneous exchange defense, and the entire § 547(c)(1) defense fails.

### CONCLUSION

For these reasons, judgement is entered in favor of the Official Unsecured Creditors' Committee and against Expeditors International of Washington, Inc. in the amount of **$40,557.31.**

Committee, when assuming *arguendo* the Application formed a security agreement, points to internal inconsistencies within the Application as proving that Expeditors did not have a lien in the goods transported for Debtor.

170

BUFFALO TOOL TRANSACTION HISTORY - SORTED BY INVOICE DATE

ADDENDUM "A"

| INVOICE NUMBER | INVOICE DATE | INVOICE TOTAL AMOUNT | F.O.B. VALUE OF GOODS | CUST. CK NO. | CUST. CHECK DATE | DATE EXPEDITORS DEPOSIT | DATE CHECK CLEARED | DATE GOODS CLEARED CUSTOMS | ELAPSED TIME B/N INV. & DEPOSIT | PREFERENCE CLAIM PER COMPLAINT | USE AS OFF-SET NEW VALUE DEFENSE | BAL. CLAIM B/F 547(c)(1) & 547(c)(2) DEFENSES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 72400936 | 09/12/94 | $1,576.34 | N/R | 13555 | 09/27/94 | 10/17/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72400956 | 09/13/94 | $5,940.60 | N/R | 13555 | 09/27/94 | 10/17/94 | N/R | N/R | 34 | $0.00 | N/A | $0.00 |
| 72400957 | 09/13/94 | $5,495.38 | N/R | 13555 | 09/27/94 | 10/17/94 | N/R | N/R | 34 | $0.00 | N/A | $0.00 |
| 72400893A | 09/14/94 | $45.00 | N/R | 13628 | 10/06/94 | 11/14/94 | N/R | N/R | 61 | $0.00 | N/A | $0.00 |
| 72400966 | 09/14/94 | $5,409.69 | N/R | 13628 | 10/06/94 | 11/14/94 | N/R | N/R | 61 | $0.00 | N/A | $0.00 |
| 72400967 | 09/14/94 | $5,239.80 | N/R | 13628 | 10/06/94 | 11/14/94 | N/R | N/R | 61 | $0.00 | N/A | $0.00 |
| 72400968 | 09/14/94 | $3,881.36 | N/R | 13628 | 10/06/94 | 11/14/94 | N/R | N/R | 61 | $0.00 | N/A | $0.00 |
| 72400982 | 09/15/94 | $2,271.53 | N/R | 13555 | 09/27/94 | 10/17/94 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72400983 | 09/15/94 | $2,294.01 | N/R | 13555 | 09/27/94 | 10/17/94 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72400915A | 09/16/94 | $45.00 | N/R | 13555 | 09/27/94 | 10/17/94 | N/R | N/R | 31 | $0.00 | N/A | $0.00 |
| 72400931A | 09/16/94 | $45.00 | N/R | 13555 | 09/27/94 | 10/17/94 | N/R | N/R | 31 | $0.00 | N/A | $0.00 |
| 72400938 | 09/20/94 | $555.25 | N/R | 13628 | 10/06/94 | 11/14/94 | N/R | N/R | 55 | $0.00 | N/A | $0.00 |
| 72400979 | 09/21/94 | $3,192.34 | N/R | 13628 | 10/06/94 | 11/14/94 | N/R | N/R | 54 | $0.00 | N/A | $0.00 |
| 72400975 | 09/22/94 | $1,904.97 | N/R | 13827 | 11/04/94 | 11/08/94 | N/R | N/R | 47 | $0.00 | N/A | $0.00 |
| 72400976 | 09/22/94 | $4,412.37 | N/R | 13628 | 10/06/94 | 11/14/94 | N/R | N/R | 53 | $0.00 | N/A | $0.00 |
| 72400995 | 09/28/94 | $7,411.27 | N/R | 13827 | 11/04/94 | 11/08/94 | N/R | N/R | 41 | $0.00 | N/A | $0.00 |
| 72400913A | 09/29/94 | $95.00 | N/R | 13827 | 11/04/94 | 11/08/94 | N/R | N/R | 40 | $0.00 | N/A | $0.00 |
| 72400981 | 09/29/94 | $1,254.54 | N/R | 13827 | 11/04/94 | 11/08/94 | N/R | N/R | 40 | $0.00 | N/A | $0.00 |
| 72400975A | 10/04/94 | $2,390.00 | N/R | 13827 | 11/04/94 | 11/08/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401016 | 10/04/94 | $4,846.99 | N/R | 13827 | 11/04/94 | 11/08/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401017 | 10/04/94 | $4,591.05 | N/R | 13827 | 11/04/94 | 11/08/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401024 | 10/04/94 | $7,064.66 | N/R | 13827 | 11/04/94 | 11/08/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401046 | 10/04/94 | $6,181.38 | N/R | 13827 | 11/04/94 | 11/08/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72400935A | 10/06/94 | $260.00 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 43 | $0.00 | N/A | $0.00 |
| 72401023 | 10/13/94 | $5,196.46 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72401018 | 10/14/94 | $8,785.94 | N/R | 14003 | 11/17/94 | 12/01/94 | N/R | N/R | 48 | $0.00 | N/A | $0.00 |
| 72400968A | 10/18/94 | $45.00 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 31 | $0.00 | N/A | $0.00 |
| 72400982A | 10/18/94 | $95.00 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 31 | $0.00 | N/A | $0.00 |
| 72401059 | 10/18/94 | $4,489.64 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 31 | $0.00 | N/A | $0.00 |
| 72401082 | 10/18/94 | $5,636.98 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 31 | $0.00 | N/A | $0.00 |
| 22400823 | 10/21/94 | $248.01 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 28 | $0.00 | N/A | $0.00 |
| 72400975B | 10/24/94 | $45.00 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 25 | $0.00 | N/A | $0.00 |
| 72400979A | 10/24/94 | $45.00 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 25 | $0.00 | N/A | $0.00 |
| 72400995A | 10/24/94 | $45.00 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 25 | $0.00 | N/A | $0.00 |
| 72401057 | 10/24/94 | $2,241.62 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 25 | $0.00 | N/A | $0.00 |
| 72401069 | 10/25/94 | $5,805.72 | N/R | 13920 | 11/10/94 | 11/18/94 | N/R | N/R | 24 | $0.00 | N/A | $0.00 |

C:\\QPRO\CASES\BUFF_INT.WQ1

BUFFALO TOOL TRANSACTION HISTORY - SORTED BY INVOICE DATE

| INVOICE NUMBER | INVOICE DATE | INVOICE TOTAL AMOUNT | F.O.B. VALUE OF GOODS | CUST. CK. NO. | CUST. CHECK DATE | DATE EXPEDITORS DEPOSIT | DATE CHECK CLEARED | DATE GOODS CLEARED CUSTOMS | ELAPSED TIME B/N INV. & DEPOSIT | PREFERENCE CLAIM PER COMPLAINT | USE AS OFF-SET NEW VALUE DEFENSE | BAL CLAIM B/F 547(c)(1) & 547(c)(2) DEFENSES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 72401068 | 10/26/94 | $4,842.92 | N/R | 14003 | 11/17/94 | 12/01/94 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72401076 | 10/27/94 | $4,982.82 | N/R | 14003 | 11/17/94 | 12/01/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401077 | 10/27/94 | $6,091.69 | N/R | 14003 | 11/17/94 | 12/01/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401059A | 10/28/94 | $4,612.34 | N/R | 14182 | 12/02/94 | 12/20/94 | N/R | N/R | 53 | $0.00 | N/A | $0.00 |
| 72401078 | 11/01/94 | $1,509.87 | N/R | 14182 | 12/02/94 | 12/20/94 | N/R | N/R | 49 | $0.00 | N/A | $0.00 |
| 72401086 | 11/01/94 | $5,005.37 | N/R | 14182 | 12/02/94 | 12/20/94 | N/R | N/R | 49 | $0.00 | N/A | $0.00 |
| 72401092 | 11/01/94 | $5,975.25 | N/R | 14182 | 12/02/94 | 12/20/94 | N/R | N/R | 49 | $0.00 | N/A | $0.00 |
| 72401037 | 11/02/94 | $328.18 | N/R | 14223 | 12/02/94 | 12/16/94 | N/R | N/R | 44 | $0.00 | N/A | $0.00 |
| 72401098 | 11/03/94 | $6,000.23 | N/R | 14182 | 12/02/94 | 12/20/94 | N/R | N/R | 47 | $0.00 | N/A | $0.00 |
| 72401132 | 11/07/94 | $507.99 | N/R | 14223 | 12/02/94 | 12/16/94 | N/R | N/R | 39 | $0.00 | N/A | $0.00 |
| 72401117 | 11/10/94 | $4,737.92 | N/R | 14223 | 12/02/94 | 12/16/94 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72401119 | 11/10/94 | $3,812.50 | N/R | 14223 | 12/02/94 | 12/16/94 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72400634A | 11/14/94 | $434.84 | N/R | 14223 | 12/02/94 | 12/16/94 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72400935B | 11/14/94 | $477.00 | N/R | 14223 | 12/02/94 | 12/16/94 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72401132A | 11/17/94 | $50.00 | N/R | 14415 | 12/21/94 | 12/27/94 | N/R | N/R | 40 | $0.00 | N/A | $0.00 |
| 72401144 | 11/17/94 | $4,695.89 | N/R | 14415 | 12/21/94 | 12/27/94 | N/R | N/R | 40 | $0.00 | N/A | $0.00 |
| 72401145 | 11/17/94 | $5,895.54 | N/R | 14182 | 12/02/94 | 12/20/94 | N/R | N/R | 33 | $0.00 | N/A | $0.00 |
| 72401119A | 11/21/94 | $50.00 | N/R | 14415 | 12/21/94 | 12/27/94 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72401118 | 11/22/94 | $5,353.95 | N/R | 14415 | 12/21/94 | 12/27/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401134 | 11/22/94 | $4,718.07 | N/R | 14415 | 12/21/94 | 12/27/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401159 | 11/22/94 | $5,818.95 | N/R | 14415 | 12/21/94 | 12/27/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401180 | 11/22/94 | $6,368.91 | N/R | 14415 | 12/21/94 | 12/27/94 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401197 | 11/22/94 | $1,644.64 | N/R | 14357 | 12/20/94 | 01/06/95 | N/R | N/R | 45 | $0.00 | N/A | $0.00 |
| 72401184 | 12/01/94 | $4,858.72 | N/R | 14357 | 12/20/94 | 01/06/95 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72401185 | 12/01/94 | $8,296.79 | N/R | 14357 | 12/20/94 | 01/06/95 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72401132B | 12/05/94 | $45.00 | N/R | 14357 | 12/20/94 | 01/06/95 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72401206 | 12/06/94 | $8,674.35 | N/R | 14453 | 12/29/94 | 01/10/95 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401207 | 12/06/94 | $5,383.19 | N/R | 14357 | 12/20/94 | 01/06/95 | N/R | N/R | 31 | $0.00 | N/A | $0.00 |
| 72401208 | 12/06/94 | $5,395.62 | N/R | 14357 | 12/20/94 | 01/06/95 | N/R | N/R | 31 | $0.00 | N/A | $0.00 |
| 72401186 | 12/07/94 | $2,671.73 | N/R | 14357 | 12/20/94 | 01/06/95 | N/R | N/R | 30 | $0.00 | N/A | $0.00 |
| 72401197A | 12/08/94 | $175.00 | N/R | 14453 | 12/29/94 | 01/10/95 | N/R | N/R | 33 | $0.00 | N/A | $0.00 |
| 72401219 | 12/08/94 | $6,139.75 | N/R | 14453 | 12/29/94 | 01/10/95 | N/R | N/R | 33 | $0.00 | N/A | $0.00 |
| 72401221 | 12/08/94 | $6,098.45 | N/R | 14453 | 12/29/94 | 01/10/95 | N/R | N/R | 33 | $0.00 | N/A | $0.00 |
| 72401222 | 12/08/94 | $6,472.65 | N/R | 14453 | 12/29/94 | 01/10/95 | N/R | N/R | 33 | $0.00 | N/A | $0.00 |
| 82400910 | 12/08/94 | $1,100.00 | N/R | 14453 | 12/29/94 | 01/10/95 | N/R | N/R | 33 | $0.00 | N/A | $0.00 |
| 72401132C | 12/12/94 | $320.00 | N/R | 14585 | 01/17/95 | 01/26/95 | N/R | N/R | 45 | $0.00 | N/A | $0.00 |

BUFFALO TOOL TRANSACTION HISTORY - SORTED BY INVOICE DATE

| INVOICE NUMBER | INVOICE DATE | INVOICE TOTAL AMOUNT | F.O.B. VALUE OF GOODS | CUST. CK. NO. | CUST. CHECK DATE | DATE EXPEDITORS DEPOSIT | DATE CHECK CLEARED | DATE GOODS CLEARED CUSTOMS | ELAPSED TIME B/N INV. & DEPOSIT | PREFERENCE CLAIM PER COMPLAINT | USE AS OFF-SET NEW VALUE DEFENSE | BAL CLAIM B/F 547(c)(1) & 547(c)(2) DEFENSES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 72401237 | 12/19/94 | $8,963.82 | N/R | 14585 | 01/17/95 | 01/26/95 | N/R | N/R | 38 | $0.00 | N/A | $0.00 |
| 72401247 | 12/19/94 | $5,047.10 | N/R | 14585 | 01/17/95 | 01/26/95 | N/R | N/R | 38 | $0.00 | N/A | $0.00 |
| 72401248 | 12/19/94 | $4,983.13 | N/R | 14585 | 01/17/95 | 01/26/95 | N/R | N/R | 38 | $0.00 | N/A | $0.00 |
| 72401249 | 12/19/94 | $5,184.03 | N/R | 14585 | 01/17/95 | 01/26/95 | N/R | N/R | 38 | $0.00 | N/A | $0.00 |
| 72401257 | 12/20/94 | $2,911.63 | N/R | 14585 | 01/17/95 | 01/26/95 | N/R | N/R | 37 | $0.00 | N/A | $0.00 |
| 72401260 | 12/20/94 | $2,381.91 | N/R | 14585 | 01/17/95 | 01/26/95 | N/R | N/R | 37 | $0.00 | N/A | $0.00 |
| 72401219A | 12/21/94 | $164.49 | N/R | 14453 | 12/29/94 | 01/10/95 | N/R | N/R | 20 | $0.00 | N/A | $0.00 |
| 72401197B | 12/22/94 | $45.00 | N/R | 14585 | 01/17/95 | 01/26/95 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401077A | 12/27/94 | $50.00 | N/R | 14773 | 02/02/95 | 02/08/95 | N/R | N/R | 43 | $0.00 | N/A | $0.00 |
| 72401222A | 12/27/94 | $65.00 | N/R | 14773 | 02/02/95 | 02/08/95 | N/R | N/R | 43 | $0.00 | N/A | $0.00 |
| 72401262 | 12/27/94 | $5,371.85 | N/R | 14773 | 02/02/95 | 02/08/95 | N/R | N/R | 43 | $0.00 | N/A | $0.00 |
| 72401263 | 12/27/94 | $6,205.42 | N/R | 14773 | 02/02/95 | 02/08/95 | N/R | N/R | 43 | $0.00 | N/A | $0.00 |
| 72401145A | 12/30/94 | $95.00 | N/R | 14773 | 02/02/95 | 02/08/95 | N/R | N/R | 40 | $0.00 | N/A | $0.00 |
| 72401283 | 12/30/94 | $2,780.00 | N/R | 14773 | 02/02/95 | 02/08/95 | N/R | N/R | 40 | $0.00 | N/A | $0.00 |
| 72401288 | 01/03/95 | $1,896.22 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 38 | $0.00 | N/A | $0.00 |
| 72401289 | 01/03/95 | $1,924.42 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 38 | $0.00 | N/A | $0.00 |
| 72401270 | 01/03/95 | $1,023.20 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 38 | $0.00 | N/A | $0.00 |
| 72401219B | 01/04/95 | $55.00 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 37 | $0.00 | N/A | $0.00 |
| 72401284 | 01/04/95 | $5,364.61 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 37 | $0.00 | N/A | $0.00 |
| 72401285 | 01/04/95 | $5,882.06 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 37 | $0.00 | N/A | $0.00 |
| 72401286 | 01/04/95 | $5,577.24 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 37 | $0.00 | N/A | $0.00 |
| 72401219C | 01/09/95 | $200.00 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72401299 | 01/09/95 | $4,953.51 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72401300 | 01/09/95 | $5,422.73 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72401301 | 01/09/95 | $4,671.12 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 42411799 | 01/12/95 | $134.55 | N/R | 14954 | 02/15/95 | 02/21/95 | N/R | N/R | 40 | $0.00 | N/A | $0.00 |
| 72401307 | 01/16/95 | $2,184.80 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 25 | $0.00 | N/A | $0.00 |
| 72401308 | 01/16/95 | $2,030.96 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 25 | $0.00 | N/A | $0.00 |
| 72401320 | 01/16/95 | $5,296.23 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 25 | $0.00 | N/A | $0.00 |
| 72401309 | 01/17/95 | $2,514.93 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 24 | $0.00 | N/A | $0.00 |
| 72401260A | 01/18/95 | $45.00 | N/R | 14864 | 02/09/95 | 02/10/95 | N/R | N/R | 23 | $0.00 | N/A | $0.00 |
| 72401332 | 01/24/95 | $5,352.30 | N/R | 14954 | 02/15/95 | 02/21/95 | N/R | N/R | 28 | $0.00 | N/A | $0.00 |
| 72401333 | 01/24/95 | $5,080.94 | N/R | 14954 | 02/15/95 | 02/21/95 | N/R | N/R | 28 | $0.00 | N/A | $0.00 |
| 72401092A | 01/25/95 | $32.18 | N/R | 14954 | 02/15/95 | 02/21/95 | N/R | N/R | 27 | $0.00 | N/A | $0.00 |
| 72401321 | 01/25/95 | $5,416.77 | N/R | 14954 | 02/15/95 | 02/21/95 | N/R | N/R | 27 | $0.00 | N/A | $0.00 |
| 72401338 | 01/25/95 | $11,011.51 | N/R | 14954 | 02/15/95 | 02/21/95 | N/R | N/R | 27 | $0.00 | N/A | $0.00 |

BUFFALO TOOL TRANSACTION HISTORY - SORTED BY INVOICE DATE

| INVOICE NUMBER | INVOICE DATE | INVOICE TOTAL AMOUNT | F.O.B. VALUE OF GOODS | CUST. CK. NO. | CUST. CHECK DATE | DATE EXPEDITORS DEPOSIT | DATE CHECK CLEARED | DATE GOODS CLEARED CUSTOMS | ELAPSED TIME B/N INV. & DEPOSIT | PREFERENCE CLAIM PER COMPLAINT | USE AS OFF-SET NEW VALUE DEFENSE | BAL. CLAIM B/F 547(c)(1) & 547(c)(2) DEFENSES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 72401342 | 02/01/95 | $4,893.17 | N/R | 15071 | 02/24/95 | 03/03/95 | N/R | N/R | 30 | $0.00 | N/A | $0.00 |
| 72401343 | 02/01/95 | $4,292.97 | N/R | 15071 | 02/24/95 | 03/03/95 | N/R | N/R | 30 | $0.00 | N/A | $0.00 |
| 72401358 | 02/01/95 | $811.83 | N/R | 15210 | 03/10/95 | 03/20/95 | N/R | N/R | 47 | $0.00 | N/A | $0.00 |
| 72401367 | 02/01/95 | $1,192.03 | N/R | 15071 | 02/24/95 | 03/03/95 | N/R | N/R | 30 | $0.00 | N/A | $0.00 |
| 72401283A | 02/02/95 | $45.00 | N/R | 15071 | 02/24/95 | 03/03/95 | N/R | N/R | 29 | $0.00 | N/A | $0.00 |
| 72401355 | 02/08/95 | $4,216.71 | N/R | 15153 | 03/03/95 | 03/08/95 | N/R | N/R | 28 | $0.00 | N/A | $0.00 |
| 72401356 | 02/08/95 | $4,516.47 | N/R | 15153 | 03/03/95 | 03/08/95 | N/R | N/R | 28 | $0.00 | N/A | $0.00 |
| 72401357 | 02/08/95 | $8,129.78 | N/R | 15153 | 03/03/95 | 03/08/95 | N/R | N/R | 28 | $0.00 | N/A | $0.00 |
| 72401370 | 02/08/95 | $8,507.71 | N/R | 15153 | 03/03/95 | 03/08/95 | N/R | N/R | 26 | $0.00 | N/A | $0.00 |
| 72401371 | 02/08/95 | $4,640.08 | N/R | 15034 | 02/23/95 | 02/24/95 | N/R | N/R | 16 | $0.00 | N/A | $0.00 |
| 72401372 | 02/08/95 | $5,515.33 | N/R | 15034 | 02/23/95 | 02/24/95 | N/R | N/R | 16 | $0.00 | N/A | $0.00 |
| 72401321A | 02/13/95 | $405.00 | N/R | 15210 | 03/10/95 | 03/20/95 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401342A | 02/14/95 | $18.50 | N/R | 15210 | 03/10/95 | 03/20/95 | N/R | N/R | 34 | $0.00 | N/A | $0.00 |
| 72401386 | 02/16/95 | $6,812.59 | N/R | 15389 | 03/23/95 | 03/27/95 | N/R | N/R | 39 | $0.00 | N/A | $0.00 |
| 72401342B | 02/20/95 | $330.00 | N/R | 15153 | 03/03/95 | 03/06/95 | N/R | N/R | 14 | $0.00 | N/A | $0.00 |
| 72401367A | 02/20/95 | $45.00 | N/R | 15210 | 03/10/95 | 03/20/95 | N/R | N/R | 28 | $0.00 | N/A | $0.00 |
| 72401384 | 02/21/95 | $1,740.24 | N/R | 15210 | 03/10/95 | 03/20/95 | N/R | N/R | 27 | $0.00 | N/A | $0.00 |
| 72401395 | 02/21/95 | $4,771.23 | N/R | 15283 | 03/16/95 | 03/16/95 | N/R | N/R | 27 | $0.00 | N/A | $0.00 |
| 72401412 | 02/23/95 | $974.84 | N/R | 15389 | 03/23/95 | 03/27/95 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72401358A | 02/27/95 | $420.00 | N/R | 15530 | 04/06/95 | 04/14/95 | N/R | N/R | 46 | $0.00 | N/A | $0.00 |
| 72401398 | 02/27/95 | $4,895.45 | N/R | 15283 | 03/16/95 | 03/20/95 | N/R | N/R | 21 | $0.00 | N/A | $0.00 |
| 72401399 | 02/27/95 | $5,801.20 | N/R | 15283 | 03/16/95 | 03/20/95 | N/R | N/R | 21 | $0.00 | N/A | $0.00 |
| 72401403 | 03/06/95 | $4,595.95 | N/R | 15460 | 03/30/95 | 04/07/95 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72401404 | 03/06/95 | $4,237.72 | N/R | 15460 | 03/30/95 | 04/07/95 | N/R | N/R | 32 | $0.00 | N/A | $0.00 |
| 72401416 | 03/08/95 | $4,214.46 | N/R | 15530 | 04/06/95 | 04/14/95 | N/R | N/R | 37 | $0.00 | N/A | $0.00 |
| 72401417 | 03/08/95 | $5,389.92 | N/R | 15530 | 04/06/95 | 04/14/95 | N/R | N/R | 37 | $0.00 | N/A | $0.00 |
| 72401418 | 03/08/95 | $5,378.24 | N/R | 15530 | 04/06/95 | 04/14/95 | N/R | N/R | 37 | $0.00 | N/A | $0.00 |
| 22401002 | 03/09/95 | $122.64 | N/R | 15530 | 04/06/95 | 04/14/95 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72401394A | 03/13/95 | $45.00 | N/R | 15679 | 04/14/95 | 04/21/95 | N/R | N/R | 39 | $0.00 | N/A | $0.00 |
| 72401358B | 03/18/95 | $45.00 | N/R | 15679 | 04/14/95 | 04/21/95 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72401395A | 03/16/95 | $45.00 | N/R | 15679 | 04/14/95 | 04/21/95 | N/R | N/R | 36 | $0.00 | N/A | $0.00 |
| 72401412A | 03/18/95 | $578.00 | N/A | 15803 | 04/24/95 | 05/11/95 | N/R | N/R | 56 | $0.00 | N/A | $0.00 |
| 72401430 | 03/21/95 | $5,836.62 | N/R | 15679 | 04/14/95 | 04/21/95 | N/R | N/R | 31 | $0.00 | N/A | $0.00 |
| 72401308A | 03/23/95 | $2,720.00 | N/R | 15679 | 04/14/95 | 04/21/95 | N/R | N/R | 29 | $0.00 | N/A | $0.00 |
| 72401386A | 03/23/95 | $2,790.00 | N/R | 15679 | 04/14/95 | 04/21/95 | N/R | N/R | 29 | $0.00 | N/A | $0.00 |
| 72401445 | 03/23/95 | $4,999.37 | N/R | 15679 | 04/14/95 | 04/21/95 | N/R | N/R | 29 | $0.00 | N/A | $0.00 |

JOINT EXHIBIT

BUFFALO TOOL TRANSACTION HISTORY - SORTED BY INVOICE DATE

| INVOICE NUMBER | INVOICE DATE | INVOICE TOTAL AMOUNT | F.O.B. VALUE OF GOODS | CUST. CK. NO. | CUST. CHECK DATE | DATE EXPEDITORS DEPOSIT | DATE CHECK CLEARED | DATE GOODS CLEARED CUSTOMS | ELAPSED TIME B/N INV. & DEPOSIT | PREFERENCE CLAIM PER COMPLAINT | USE AS OFF-SET NEW VALUE DEFENSE | BAL. CLAIM B/F 547(b)(1) & 547(c)(2) DEFENSES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 72401446 | 03/23/95 | $4,506.91 | N/R | 15679 | 04/14/95 | 04/21/95 | N/R | N/R | 29 | $0.00 | N/A | $0.00 |
| 72401457 | 03/29/95 | $3,792.97 | N/R | 15803 | 04/24/95 | 05/11/95 | N/R | N/R | 43 | $0.00 | N/A | $0.00 |
| 72401458 | 03/29/95 | $4,624.52 | N/R | 15803 | 04/24/95 | 05/11/95 | N/R | N/R | 43 | $0.00 | N/A | $0.00 |
| 72401464 | 03/29/95 | $5,159.16 | N/R | 15803 | 04/24/95 | 05/11/95 | N/R | N/R | 43 | $0.00 | N/A | $0.00 |
| 72401386B | 04/03/95 | $95.00 | N/R | 15903 | 04/24/95 | 05/11/95 | N/R | N/R | 38 | $0.00 | N/A | $0.00 |
| 72401404A | 04/03/95 | $45.00 | N/R | 15803 | 04/24/95 | 05/11/95 | N/R | N/R | 38 | $0.00 | N/A | $0.00 |
| 72401464A | 04/06/95 | $810.00 | N/R | 15803 | 04/24/95 | 05/11/95 | N/R | N/R | 35 | $0.00 | N/A | $0.00 |
| 72401478 | 04/10/95 | $3,213.37 | $54,737.16 | 15902 | 05/10/95 | 05/30/95 | 05/31/95 | 04/14/95 | 50 | $0.00 | N/A | $0.00 |
| 72401479 | 04/10/95 | $2,058.74 | $45,512.95 | 15902 | 05/10/95 | 05/30/95 | 05/31/95 | 04/14/95 | 50 | $0.00 | N/A | $0.00 |
| 72401480 | 04/10/95 | $3,225.48 | $38,614.56 | 15902 | 05/10/95 | 05/30/95 | 05/31/95 | 04/14/95 | 50 | $0.00 | N/A | $0.00 |
| 72401483 | 04/10/95 | $1,270.95 | $13,475.50 | 15902 | 05/10/95 | 05/30/95 | 05/31/95 | 04/10/95 | 50 | $0.00 | N/A | $0.00 |
| 72401504 | 04/13/95 | $2,075.72 | $33,908.30 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 04/17/95 | 61 | $2,075.72 | N/A | $2,075.72 |
| 72401492 | 04/14/95 | $228.57 | $18,978.24 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 04/19/95 | 60 | $228.57 | N/A | $228.57 |
| 72401500 | 04/14/95 | $1,921.68 | $32,810.12 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 04/19/95 | 60 | $1,921.68 | N/A | $1,921.68 |
| 72401501 | 04/14/95 | $3,054.76 | $53,468.76 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 04/19/95 | 60 | $3,054.76 | N/A | $3,054.76 |
| 72401502 | 04/14/95 | $1,088.59 | $23,738.98 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 04/19/95 | 60 | $1,088.59 | N/A | $1,088.59 |
| 72401490 | 04/20/95 | $621.61 | $39,284.00 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 04/20/95 | 54 | $621.61 | N/A | $621.61 |
| 72401505 | 04/20/95 | $3,045.97 | $33,463.80 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 04/29/95 | 54 | $3,045.97 | N/A | $3,045.97 |
| 72401506 | 04/20/95 | $2,871.95 | $42,895.21 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 04/29/95 | 54 | $2,671.95 | N/A | $2,671.95 |
| 72401483A | 04/21/95 | $45.00 | N/A | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | N/A | 53 | $45.00 | N/A | $45.00 |
| 72401492A | 04/21/95 | $2,685.00 | N/A | 16553 | 07/07/95 | 07/11/95 | 07/11/95 | N/A | 81 | $2,685.00 | N/A | $2,685.00 |
| 72401476 | 04/26/95 | $5,290.91 | $40,378.00 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 05/05/95 | 48 | $5,290.91 | N/A | $5,290.91 |
| 72401477 | 04/26/95 | $806.98 | $8,699.84 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 05/01/95 | 48 | $806.98 | N/A | $806.98 |
| 72401525 | 04/28/95 | $5,602.23 | $31,378.32 | 16048 | 05/31/95 | 06/13/95 | 06/13/95 | 05/06/95 | 46 | $5,602.23 | N/A | $5,602.23 |
| 72401526 | 05/11/95 | $1,878.16 | $34,123.39 | 16266 | 06/22/95 | 06/28/95 | 06/29/95 | 05/04/95 | 48 | $1,878.16 | N/A | $1,878.16 |
| 72401534 | 05/15/95 | $2,405.66 | $41,363.96 | 16345 | 06/28/95 | 07/07/95 | 07/07/95 | 05/12/95 | 53 | $2,405.66 | N/A | $2,405.66 |
| 72401535 | 05/15/95 | $2,064.39 | $34,336.80 | 16345 | 06/29/95 | 07/07/95 | 07/07/95 | 05/12/95 | 53 | $2,064.39 | N/A | $2,064.39 |
| 72401538 | 05/15/95 | $2,701.37 | $32,765.78 | 16345 | 06/29/95 | 07/07/95 | 07/07/95 | 05/12/95 | 53 | $2,701.37 | N/A | $2,701.37 |
| 72401535A | 05/17/95 | $50.00 | N/A | 16842 | 07/14/95 | 07/17/95 | 07/17/95 | N/A | 61 | $50.00 | N/A | $50.00 |
| 72401527 | 05/17/95 | $2,338.71 | $39,999.90 | 16553 | 07/07/95 | 07/11/95 | 07/12/95 | 05/04/95 | 55 | $2,338.71 | N/A | $2,338.71 |
| 72401548 | 05/18/95 | $1,938.73 | $39,100.40 | 16842 | 07/14/95 | 07/17/95 | 07/18/95 | 05/18/96 | 60 | $1,938.73 | N/A | $1,938.73 |
| 72401549 | 05/18/95 | $2,605.51 | $42,752.14 | | | | | 05/18/95 | N/A | $0.00 | N/A | $0.00 |
| 72401552 | 05/18/95 | $887.06 | $24,082.00 | 16642 | 07/14/95 | 07/17/95 | 07/18/95 | 05/21/95 | 60 | $887.06 | N/A | $887.06 |
| 72401559 | 05/18/95 | $1,722.41 | $29,933.44 | 16642 | 07/14/95 | 07/17/95 | 07/18/95 | 05/25/95 | 60 | $1,722.41 | N/A | $1,722.41 |
| 72401560 | 05/18/95 | $3,023.68 | $32,975.20 | 16642 | 07/14/95 | 07/17/95 | 07/18/95 | 05/25/95 | 60 | $3,023.68 | N/A | $3,023.68 |
| 72401561 | 05/18/95 | $975.18 | $16,805.75 | 16642 | 07/14/95 | 07/17/95 | 07/18/95 | 05/25/95 | 60 | $975.18 | N/A | $975.18 |

JOINT EXHIBIT

BUFFALO TOOL TRANSACTION HISTORY - SORTED BY INVOICE DATE

| INVOICE NUMBER | INVOICE DATE | INVOICE TOTAL AMOUNT | F.O.B. VALUE OF GOODS | CUST. CK. NO. | CUST. CHECK DATE | DATE EXPEDITORS DEPOSIT | DATE CHECK CLEARED | DATE GOODS CLEARED CUSTOMS | ELAPSED TIME B/N INV. & DEPOSIT | PREFERENCE CLAIM PER COMPLAINT | USE AS OFF-SET NEW VALUE DEFENSE | BAL CLAIM B/F 547(c)(1) & 547(c)(2) DEFENSES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 82401168 | 05/22/95 | $25.00 | N/A | | | | | N/A | N/A | $0.00 | N/A | $0.00 |
| 82401169 | 05/22/95 | $2,575.00 | N/A | | | | | UNKNOWN | N/A | $0.00 | N/A | $0.00 |
| 72401477A | 05/25/95 | $375.00 | N/A | | | | | N/A | 60 | $375.00 | N/A | $375.00 |
| 72401505A | 05/25/95 | $45.00 | N/A | | | | | N/A | 60 | $45.00 | N/A | $45.00 |
| 72401567 | 05/31/95 | $2,797.36 | $43,675.68 | 16795 | 07/21/95 | 07/24/95 | 07/28/95 | 05/31/95 | 54 | $2,797.36 | N/A | $2,797.36 |
| 72401568 | 05/31/95 | $2,208.38 | $40,272.64 | 16795 | 07/21/95 | 07/24/95 | 07/28/95 | 05/31/95 | 54 | $2,208.38 | N/A | $1,793.91 |
| 72401803 | 06/06/95 | $3,465.72 | $45,854.80 | 16898 | 07/28/95 | 07/31/95 | 08/01/95 | 06/02/95 | 55 | $3,465.72 | N/A | $0.00 |
| 72401504A | 06/07/95 | $1,025.00 | N/A | 16899 | 07/28/95 | 07/31/95 | 08/01/95 | N/A | 54 | $1,025.00 | N/A | $0.00 |
| 72401595 | 06/07/95 | $3,380.30 | $38,361.20 | 16795 | 07/21/95 | 07/24/95 | 07/28/95 | 06/09/95 | 47 | $3,380.30 | N/A | $0.00 |
| 72401534A | 06/08/95 | $400.00 | N/A | 16899 | 07/28/95 | 07/31/95 | 08/01/95 | N/A | 53 | $400.00 | N/A | $0.00 |
| 72401536A | 06/08/95 | $200.00 | N/A | 16899 | 07/28/95 | 07/31/95 | 08/01/95 | N/A | 53 | $200.00 | N/A | $0.00 |
| 72401548A | 06/08/95 | $300.00 | N/A | 16899 | 07/28/95 | 07/31/95 | 08/01/95 | N/A | 53 | $300.00 | N/A | $0.00 |
| 72401549A | 06/08/95 | $730.00 | N/A | 16899 | 07/28/95 | 07/31/95 | 08/01/95 | N/A | 53 | $730.00 | N/A | $0.00 |
| 72401582 | 06/11/95 | $2,516.42 | $45,771.12 | 17018 | 08/03/95 | 08/07/95 | 08/08/95 | 08/08/95 | 57 | $2,516.42 | N/A | $0.00 |
| 72401584 | 06/11/95 | $2,689.54 | $42,764.98 | 17016 | 08/03/95 | 08/07/95 | 08/08/95 | 08/08/95 | 57 | $2,689.54 | N/A | $0.00 |
| 72401606 | 06/13/95 | $3,552.11 | $66,301.18 | 17016 | 08/03/95 | 08/07/95 | 08/08/95 | 06/14/95 | 55 | $3,552.11 | N/A | $0.00 |
| 72401607 | 06/13/95 | $5,036.02 | $56,433.92 | 17110 | 08/10/95 | 08/14/95 | 08/14/95 | 06/14/95 | 62 | $5,036.02 | N/A | $0.00 |
| 72401611 | 06/13/95 | $8,744.76 | $57,289.83 | 17110 | 08/10/95 | 08/14/95 | 08/14/95 | 06/29/95 | 52 | $8,744.76 | N/A | $0.00 |
| 72401642 | 06/23/95 | $4,033.90 | $33,899.48 | 17110 | 08/10/95 | 08/14/95 | 08/14/95 | 06/29/95 | 52 | $4,033.90 | N/A | $0.00 |
| 72401658 | 06/23/95 | $2,405.27 | $36,096.32 | 17216 | 08/18/95 | 08/21/95 | 08/22/95 | 07/02/95 | 59 | $2,405.27 | N/A | $0.00 |
| 72401660 | 06/23/95 | $3,533.20 | $57,721.55 | 17216 | 08/18/95 | 08/21/95 | 08/22/95 | 07/02/95 | 59 | $3,533.20 | N/A | $0.00 |
| 72401595A | 06/26/95 | $225.00 | N/A | 17216 | 08/18/95 | 08/21/95 | 08/22/95 | N/A | 56 | $225.00 | N/A | $0.00 |
| 72401687 | 06/26/95 | $2,255.83 | $28,310.84 | 17216 | 08/18/95 | 08/21/95 | 08/22/95 | 06/30/95 | 56 | $0.00 | N/A | $0.00 |
| 724015048 | 06/29/95 | $45.00 | N/A | | | | | N/A | N/A | $0.00 | $45.00 | $0.00 |
| 724015524 | 06/29/95 | $45.00 | N/A | | | | | N/A | N/A | $0.00 | $45.00 | $0.00 |
| 724015594 | 06/29/95 | $45.00 | N/A | | | | | N/A | N/A | $0.00 | $45.00 | $0.00 |
| 72401561A | 06/29/95 | $200.00 | N/A | | | | | N/A | N/A | $0.00 | $200.00 | $0.00 |
| 72401568A | 06/29/95 | $95.00 | N/A | | | | | N/A | N/A | $0.00 | $95.00 | $0.00 |
| 72401803A | 06/29/95 | $300.00 | N/A | | | | | N/A | N/A | $0.00 | $300.00 | $0.00 |
| 72401867A | 07/06/95 | $35.00 | N/A | 17216 | 08/18/95 | 08/21/95 | 08/21/95 | N/A | 46 | $0.00 | N/A | $0.00 |
| 72401851 | 07/06/95 | $4,679.17 | $49,552.00 | | | 07/10/95 | | 07/10/95 | N/A | $0.00 | $4,679.17 | $0.00 |
| 72401852 | 07/06/95 | $4,689.52 | $54,191.20 | 16899 | 07/28/95 | 07/31/95 | 07/31/95 | 07/10/95 | 25 | $0.00 | N/A | $0.00 |
| 72401680A | 07/12/95 | $100.00 | N/A | | | | | N/A | N/A | $0.00 | $100.00 | $0.00 |
| 72401684 | 07/12/95 | $3,540.60 | $58,620.60 | | | | | 07/13/95 | N/A | $0.00 | $3,540.60 | $0.00 |
| 72401696 | 07/12/95 | $2,666.43 | $58,620.60 | | | | | 07/13/95 | N/A | $0.00 | $2,666.43 | $0.00 |
| 724016678 | 07/17/95 | $150.00 | N/A | | | | | N/A | N/A | $0.00 | $150.00 | $0.00 |

BUFFALO TOOL TRANSACTION HISTORY - SORTED BY INVOICE DATE

| INVOICE NUMBER | INVOICE DATE | INVOICE TOTAL AMOUNT | F.O.B. VALUE OF GOODS | CUST. CK. NO. | CUST. CHECK DATE | DATE EXPEDITORS DEPOSIT | DATE CHECK CLEARED | DATE GOODS CLEARED CUSTOMS | ELAPSED TIME B/N INV. & DEPOSIT | PREFERENCE CLAIM PER COMPLAINT | USE AS OFF-SET NEW VALUE DEFENSE | BAL. CLAIM B/F 547(c)(1) & 547(c)(2) DEFENSES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 72401704 | 07/18/95 | $2,051.89 | $38,041.84 | | | | | 07/21/95 | N/A | $0.00 | $2,051.89 | $0.00 |
| 72401582A | 07/19/95 | $350.00 | N/A | | | | | N/A | N/A | $0.00 | $350.00 | $0.00 |
| 72401584A | 07/19/95 | $400.00 | N/A | | | | | N/A | N/A | $0.00 | $400.00 | $0.00 |
| 72401595B | 07/19/95 | $45.00 | N/A | | | | | N/A | N/A | $0.00 | $45.00 | $0.00 |
| 72401606A | 07/19/95 | $300.00 | N/A | | | | | N/A | N/A | $0.00 | $300.00 | $0.00 |
| 72401607A | 07/19/95 | $250.00 | N/A | | | | | N/A | N/A | $0.00 | $250.00 | $0.00 |
| 72401588B | 07/20/95 | $350.00 | N/A | | | | | N/A | N/A | $0.00 | $350.00 | $0.00 |
| 72401706 | 07/21/95 | $2,992.75 | $63,181.52 | | | | | 07/23/95 | N/A | $0.00 | $2,992.75 | $0.00 |
| 72401724 | 07/21/95 | $1,534.95 | $23,035.24 | | | | | 07/20/95 | N/A | $0.00 | $1,534.95 | $0.00 |
| 72401724A | 07/24/95 | $175.00 | N/A | | | | 10/04/95 | N/A | N/A | $0.00 | $175.00 | $0.00 |
| 72401728 | 07/26/95 | $3,563.28 | $48,977.50 | | | | | 07/31/95 | N/A | $0.00 | $3,563.26 | $0.00 |
| 72401704A | 08/02/95 | $300.00 | N/A | | | | | N/A | N/A | $0.00 | $300.00 | $0.00 |
| 72401786 | 08/02/95 | $2,845.00 | $33,459.48 | | | | | UNKNOWN | N/A | $0.00 | $2,845.00 | $0.00 |
| 72401696A | 08/03/95 | $80.00 | N/A | | | | | N/A | N/A | $0.00 | $80.00 | $0.00 |
| 72401748 | 08/11/95 | $1,906.66 | $27,496.32 | | | | | 08/10/95 | N/A | $0.00 | $1,906.66 | $0.00 |
| 72401760 | 08/11/95 | $6,034.20 | $43,521.50 | | | | | 08/14/95 | N/A | $0.00 | $6,034.20 | $0.00 |
| 72401800 | 08/11/95 | $2,696.99 | $46,635.32 | | | | | 08/13/95 | N/A | $0.00 | $2,696.99 | $0.00 |
| 72401802 | 08/11/95 | $1,855.19 | $27,308.76 | | | | | 08/20/95 | N/A | $0.00 | $1,855.19 | $0.00 |
| 72401804 | 08/11/95 | $2,219.62 | $35,866.92 | | | | | 08/20/95 | N/A | $0.00 | $2,219.62 | $0.00 |
| 72401728A | 08/15/95 | $500.00 | N/A | | | | | N/A | N/A | $0.00 | $500.00 | $0.00 |
| 72401760A | 08/22/95 | $115.00 | N/A | | | | | N/A | N/A | $0.00 | $115.00 | $0.00 |
| 72401804A | 08/22/95 | $250.00 | N/A | | | | | N/A | N/A | $0.00 | $250.00 | $0.00 |
| 72401861 | 08/23/95 | $1,449.69 | $21,229.55 | 20394 | 10/19/95 | 10/20/95 | 10/20/95 | 08/21/95 | 58 | $0.00 | N/A | $0.00 |
| 72401802A | 08/30/95 | $250.00 | N/A | 20029 | 09/12/95 | 09/12/95 | 09/12/95 | N/A | N/A | $0.00 | N/A | $0.00 |
| 72401704A | 09/01/95 | $45.00 | N/A | 20034 | 09/13/95 | 09/13/95 | 09/13/95 | N/A | N/A | $0.00 | N/A | $0.00 |
| 72401852 | 09/05/95 | $2,935.01 | $42,739.83 | 20029 | 09/12/95 | 09/12/95 | 09/12/95 | 08/27/95 | N/A | $0.00 | N/A | $0.00 |
| 72401880 | 09/06/95 | $1,780.70 | $34,872.12 | 20029 | 09/12/95 | 09/12/95 | 09/12/95 | 08/31/95 | N/A | $0.00 | N/A | $0.00 |
| 72401902 | 09/06/95 | $4,617.88 | $44,437.01 | 20029 | 09/02/95 | 09/12/95 | 09/12/95 | 09/06/95 | N/A | $0.00 | N/A | $0.00 |
| 72401904 | 09/12/95 | $2,256.43 | $38,647.77 | 20034 | 09/13/95 | 09/13/95 | 09/13/95 | 09/10/95 | N/A | $0.00 | N/A | $0.00 |
| 72401651A | 09/28/95 | $55.00 | N/A | | | | | N/A | N/A | $0.00 | N/A | $0.00 |
| 72401800A | 09/28/95 | $250.00 | N/A | 20233 | 10/04/95 | 10/04/95 | 10/04/95 | N/A | N/A | $0.00 | N/A | $0.00 |
| 72401852A | 09/28/95 | $40.00 | N/A | 20233 | 10/04/95 | 10/04/95 | 10/04/95 | N/A | N/A | $0.00 | N/A | $0.00 |
| TOTALS | | $96,797.30 | | | | | | | | | $42,661.71 | $54,135.59 |

\\PRO\CASES\BUFF_JNT.WQ1